IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, EASTERN DIVISION

**CANDACE ALEXANDER,**

Plaintiff,

v.

**JAMEKA SCALES, COREY BENNETT, PATRICK BENNETT, and VICKIE BENNETT,**

Defendants.

Civil Action No.: 1:25-cv-980-clm

## MOTION FOR ENTRY OF DISCOVERY FRAMEWORK AND PRIVILEGE PROTECTIONS

**Filed: July 18, 2025**

Plaintiff emphasizes that this case was brought solely to halt ongoing interference, protect the integrity of court processes, and shield herself and her family from retaliatory misuse of institutional power. No financial damages are sought, only enforceable distance and finality for life. While Plaintiff does not presently anticipate the need for discovery, this motion serves as a protective framework against known escalation tactics by Defendant Corey Bennett. In prior messages, Corey has stated, **"I'll do it again and again until he stops with his manipulation of you,"** referencing the filing of legal claims as a retaliatory tool. He has also warned, **"I got a whole lot of tricks in my bag,"** and **"Think it's a game and I'll show you,"** creating a clear pattern of threats against the Plaintiff. These statements, combined with **"Well I guess on to my next move!!",** justify this motion as both a procedural safeguard and a necessity for witness and institutional protection.

Plaintiff **Candace Alexander**, appearing pro se, respectfully moves this Court to adopt the following framework for discovery and evidentiary boundaries in this matter. This motion is filed preemptively in light of (a) the Defendants' anticipated attempts to expand discovery beyond material claims and (b) the presence of previously documented harassment patterns involving non-party witnesses and religious/emotional coercion.

## I. PURPOSE

This motion is submitted to:

1. Prevent discovery misuse, triangulation, and emotional targeting;
2. Affirm privilege protections that are likely to be challenged;
3. Define scope for admissible discovery regarding Defendants' conduct;

4. Establish legal protections for non-party witnesses;
5. Preemptively restrict the use of third-party subpoenas or improper fishing.

## Supplemental Argument on Coordination and Improper Framing

Plaintiff notes that Defendants' own filing (Doc. 8) repeatedly refers to "Plaintiffs," despite this lawsuit naming only one Plaintiff: **Candace Alexander**. This mischaracterization is not a harmless oversight — it reflects an improper legal posture and confirms that Defendants are framing this lawsuit as a coordinated effort by **both Candace and Keith Alexander**, even though **Keith is not a party** to this action. This framing directly supports **Count I – Coordinated Emotional Harassment and Conspiracy**, which alleges group-based misconduct and unified intent.

The language of the motion further states:

"COMES NOW the **Defendants**..."
and
"We would find it inappropriate to contact the **Plaintiffs** directly..."


These plural references betray an internal mindset: Defendants view themselves as opposing both Alexanders and are preparing arguments or inquiries accordingly. This supports the need for **immediate judicial clarification**, especially regarding communication protocols, discovery limitations, and witness protection.

Furthermore, the same motion implies Defendants were contemplating **direct outreach** to Plaintiff and/or her spouse, but ultimately refrained — not due to legal understanding, but because of perceived procedural formality. Their phrasing confirms that without judicial guardrails, they may attempt informal discovery paths, including **emotional manipulation**, **triangulated communication**, or **backchannel contact** with protected witnesses.

Plaintiff respectfully asks the Court to treat this motion **not** as a pretext for early litigation advantage, but as a **protective measure grounded in lived precedent**. Defendants **Corey Bennett** and **Patrick Bennett** have **previously used informal means** — including emotionally charged phone calls, unsolicited messages, and group chats — to escalate legal pressure under the guise of concern or reconciliation. This strategy is not hypothetical. It is a **documented pattern**.

Moreover, when Plaintiff refused personal engagement, Defendants pivoted to bypassing her household entirely — most notably through **Corey Bennett's April 22, 2025, affidavit**. That affidavit was not submitted in response to contact or threat, but as a **weaponized court document**, filed to **trigger court involvement** and compel a response from Plaintiff's spouse **without direct engagement**. This tactic — attempting to provoke reaction through process rather than conversation — is precisely why this motion must serve as both procedural boundary and historical rebuttal.

Plaintiff affirms the following:

- **No informal contact, triangulated inquiry, or side-channel communication** will be acknowledged;
- Defendants' known enablers or message relays — including but not limited to **Sylvia Dryer** and **Tina Powell** — shall not be used to route unofficial questions or emotional provocations;
- All communications must occur **through formal Rule 26 channels** and under this Court's supervision;
- All future attempts to draw **Keith Alexander** into this action, whether by implication or discovery proxy, shall be treated as retaliatory in nature and precluded by prior filings **(see Exhibit S – Declaration of Keith Alexander Refusing to Testify)**.

This section therefore stands not as an escalation, but as a necessary clarification — to preserve the dignity of the proceedings, the safety of protected parties, and the Plaintiff's right to finality **without manipulation or triangulation**.

## Procedural Manipulation Notice – Court Address as Contact Proxy

**Proposed Insert:**

The Plaintiff respectfully notes that Defendant Corey Bennett has now attempted to exploit a procedural loophole by routing messages through the Court itself, citing the Plaintiff's pro se status as justification for direct communication. While framed as a logistical necessity, this is a repeat of his prior tactic used in the April 22, 2025 affidavit — where he bypassed personal contact and instead manipulated the court process to force engagement.

This behavior undermines the Plaintiff's clearly stated boundaries and mimics prior abuse of process. The record already reflects the Plaintiff's explicit request that:

- All communication occur *only* through formal filings and not through informal or procedurally disguised channels;
- No direct or indirect outreach be made to the Plaintiff or her household for the duration of this case;
- The Court itself be treated as the exclusive audience for all Defendant responses, without redirection to Plaintiff.

Any further attempt to use the Court's address or clerk systems to circumvent these boundaries should be treated as a continuation of the triangulation and harassment patterns already documented in this matter. Plaintiff respectfully requests that the Court clarify communication expectations and affirm that filings are to be served strictly through Rule 5 mechanisms — not personalized or narrative-laden "mailings" disguised as procedural delivery.

Plaintiff affirms she is not refusing lawful service or proper filing notices. The boundary applies exclusively to informal communication, side-channel messages, or personal outreach disguised as procedural necessity.

## II. REQUESTED DISCOVERY FRAMEWORK

### A. What Is Off Limits

1. **Spousal Communications**

   All verbal, written, or implied communications between **Candace Alexander** and her husband **Keith Alexander** are protected by:

   - **Spousal Communications Privilege**
   - **Spousal Testimonial Privilege** (*Trammel v. United States*, 445 U.S. 40 (1980))
   - **Federal Rule of Evidence 501**

Keith Alexander will not testify against his spouse and retains exclusive control over that decision. This includes chats, emails, and strategic planning conducted in private.

1. **Mental Health & Therapy Records**

   No damages are claimed for emotional distress. Therefore, all references to therapy, trauma, or related disclosures are:

   - **Contextual**, not **compensatory**
   - Protected under **HIPAA** and **Rule 26(c)**
   - Not subject to subpoena or production

1. **Attorney–Client Communications**

   All communications between Keith Alexander and **Wayne Housley**, Keith's counsel in Tishomingo County, are protected under attorney–client privilege.

2. **Work Product and Litigation Drafts**

   Unpublished memos, notes, drafts, and strategic legal materials authored by Plaintiff are shielded by the **work product doctrine** and not subject to disclosure.

3. **Religious or Emotional Coercion**

   Any discovery based on spiritual redemption, "forgiveness," or emotional appeals will be deemed irrelevant under **Rule 401** and inadmissible under **Rule 403**.

### B. What Is Allowed

1. **PACER-Based Records and Exhibits**

   Defaults, garnishments, and judgments (see **Exhibit R**) may be introduced to establish motive and pattern-of-behavior.

2. **Affidavit Chain of Custody**

   All discovery regarding the creation, submission, and institutional handling of **Corey Bennett's April 22, 2025, affidavit** is permitted.

3. **Harassment Coordination Among Defendants**

   Plaintiff seeks all communications showing coordination among Defendants, particularly during the period of April 22–July 17th, 2025.

4. **Public and Social Statements**

   All public threats, posts, or private statements voluntarily disclosed to third parties are admissible for the purposes of proving motive and credibility.

## C. Disclosure of Institutional Coordination & Request for Internal Records

Plaintiff respectfully moves for the compelled production of all **internal records, communications, and procedural data** related to **Corey Bennett's affidavit filed April 22, 2025**, as handled by the Tishomingo County Justice Court and its officers. This request is necessary to determine whether public officials enabled or assisted in retaliatory misuse of process against Plaintiff's household.

**Government Actors Named:**

- **Sheriff Jaime Stuart**
- **Prosecutor Nate Clark**
- **Justice Court Clerk Joy Brock**
- **Justice Court Judge Seth Adams**

**Scope of Request:**

This request covers the period **April 15 – July 17, 2025,** and includes:

- All emails, voicemails, or text communications between Corey Bennett and any of the above-listed officials
- Internal notes, memos, docket actions, or procedural updates related to Corey Bennett's affidavit
- All correspondence or decision records regarding **Keith Alexander's court summons dated June 3, 2025**
- Any logs, calls, or notices documenting how and why no hearing took place that day
- Any records explaining why Keith Alexander was told **he could leave** that day, despite being summoned
- Documentation of the **redacted affidavit** emailed to **Keith Alexander on June 12, 2025** — including who authorized the redaction, who redacted the signature, and why the Plaintiff was not given a full unredacted version

See **Exhibit L** — Redacted affidavit received via email by Keith Alexander, June 12, 2025.

**Legal Basis:**

- Plaintiff is not seeking privileged legal advice, but **procedural records and official conduct**, which are fully discoverable under Rule 26 and Rule 34.
- Plaintiff alleges that **institutional coordination enabled Corey Bennett to weaponize court process** without transparency, and the irregular issuance and handling of the affidavit are central to this case.

### D. Prior Misuse of Process and Representation of Keith Alexander

Defendant **Corey Bennett** previously filed an affidavit-based complaint against **Keith Alexander** in **Tishomingo County, Mississippi**, resulting in Keith retaining **attorney Wayne Housley** as his legal representative in that matter.

Key procedural facts:

- **Keith Alexander pled not guilty on May 19, 2025**, in response to the criminal summons.
- He **appeared in person at the Tishomingo County Justice Court on June 3, 2025**, as required.
- At that appearance, Keith Alexander was **told by his attorney, Wayne Housley, that he could leave**.
- **No charges were read, no facts or circumstances from the affidavit were presented**, and **no hearing was held**.
- **No resolution or communication followed**, and the matter was effectively abandoned — leaving Keith **without closure**, but with a clear pattern of **court-based harassment and procedural ghosting**.

As a result:

- This federal civil action, **Candace Alexander v. Scales et al.**, is entirely **separate** and **does not involve Keith Alexander as a party**.
- **Keith Alexander is a represented party** in an unresolved state matter initiated by Corey Bennett. **Any legal communications regarding that case must go through attorney Wayne Housley**.
- Any effort by Defendants to reference Keith, provoke discovery around him, or frame him as a co-Plaintiff is **improper, prejudicial, and irrelevant**.

Plaintiff respectfully requests that the Court:

- Reaffirm that **Keith Alexander is not subject to discovery or third-party entanglement** in this case;
- Recognize that any Defendant wishing to raise issues concerning Keith must **resolve the state-level matter they initiated**;

- Acknowledge the documented pattern of process misuse and ambiguity surrounding Corey Bennett's conduct with institutional actors in Tishomingo County, further justifying the privilege and boundary protections outlined in this motion.

## III. Witness Categorization

| Name | Role | Discovery Status |
|---|---|---|
| Candace Alexander | Plaintiff | Subject to standard discovery protections |
| Keith Alexander | Spouse (non-party) | **Filed formal refusal to testify**; protected under spousal testimonial and communication privilege (Exhibit S) |
| Wayne Housley | Keith's Attorney | Protected under attorney–client privilege |
| James Bennett | Non-party witness | Protected due to risk of retaliation |
| Chasity Bennett | Non-party witness | Protected from subpoena due to retaliatory history |
| Bria Powell | Non-party witness | Protected as confidential informant |

## IV. What Defendants Seek to Avoid by Opposing This Motion

Plaintiff notes that she does not anticipate broad discovery requests unless provoked by the Defendants' own actions. However, the filing of this motion is warranted based on the conduct and statements of Defendants Corey and Patrick Bennett, including direct threats such as:

*"I'll do it again and again until he stops with his manipulation of you."*
— Corey Bennett, April 23, 2025 (see Exhibit A-1)

*"Don't ever have your [expletive] husband say that you ain't a part of a [expletive] family... you are a part of my [expletive] family."*
— Patrick Bennett, April 22, 2025 (see Exhibit B)

This discovery framework exists to protect Candace Alexander from **known behaviors** and **anticipated manipulation**. The following is offered not as speculation, but as **explanation** for the relief requested:

## 1. Permanent No Contact

This case seeks to formally sever all lines of communication — legal, personal, emotional, or indirect — including future attempts at "reconciliation," funeral triangulation, or religious guilt.

The Defendants' resistance stems from a desire to preserve those emotional access points, not from any legitimate legal position.

## 2. Public Documentation of Motive

Exhibit R and related filings establish a coordinated timeline of reappearance, financial-based motive, and strategic outreach.

The Defendants benefit when history is private, undocumented, or distorted. This case locks in **judicial memory**.

## 3. Institutional Exposure

The motion to compel Corey Bennett's communications with Tishomingo County officials threatens to reveal improper influence or informal processing of his affidavit.

This not only endangers credibility — it may implicate local officials who assisted him outside lawful procedure.

## 4. Legal Designation of Untrustworthiness

A protective order and default judgment would formally mark the Defendants as non-credible and enjoin further contact.

This would hinder future attempts to exploit process, file retaliatory actions, or feign victimhood.

### Section 5: Loss of Leverage Through Keith Alexander

The record shows that **Defendant Corey Bennett** repeatedly invoked **Keith Alexander** in hostile and derogatory messages that were **deliberately sent to Plaintiff Candace Alexander** as a method of provocation and triangulation. These messages were posted publicly in a group chat shared with co-Defendants **Patrick Bennett, Vickie Bennett, and Jameka Scales**, and were designed to antagonize Candace by threatening or disparaging her husband.

Key examples include:

*"Keith stop harassing me!!!!! Damn son guess u think I'm playing with you!!! [...] I will go into my next bag of tricks if you text me at all again!"*
— Corey Bennett, sent to Candace, April 23 Group Chat

*"Y'all and your mentally ill vet need more than a Bible message! Lose my number boy of y'all!!"*
— Corey Bennett, April 23 Group Chat

These statements were **not sent directly to Keith**, but were **weaponized through Candace**, demonstrating a clear pattern of emotional triangulation and retaliatory escalation.

By preemptively removing Keith Alexander from this litigation through a formal **spousal testimonial privilege declaration (see Exhibit S)**, and reinforcing boundaries via this motion, Plaintiff **neutralizes the Defendants' primary leverage strategy**.

**Request**: Plaintiff asks the Court to recognize this behavior as evidence of **bad faith and intentional provocation**, and to maintain strict discovery protections around **non-party witness Keith Alexander** going forward.

### V. Protective Clauses to Limit Plaintiff's Exposure

1. **Rule 26 Objection Notice**

    Plaintiff reserves all applicable rights under **Rule 26(b)(2)(C)** to object to any request that is cumulative, duplicative, irrelevant, or unduly burdensome. This motion shall serve as **advance notice** of such limitations for the purpose of managing discovery disputes.

2. **Witness Tampering Prevention**

    Plaintiff requests that **any attempt to contact the protected witnesses** above be **pre-approved by the Court**, due to substantiated concerns about retaliatory behavior and intimidation.

3. **No Unauthorized Third-Party Subpoenas**

    Plaintiff requests an order **prohibiting the use of subpoenas** toward therapists, clergy, family friends, or unaffiliated third parties **unless approved by motion and order**, ensuring the Defendants do not pursue improper or irrelevant lines of inquiry.

### WHEREFORE

Plaintiff respectfully requests that this Court:

1. Enter an **Order adopting the above discovery framework**;
2. Enforce the identified privilege protections and institutional transparency requests;
3. Preclude harassing, redundant, or irrelevant discovery by Defendants;
4. Limit witness exposure and block improper third-party subpoenas.

Plaintiff further clarifies:

This action seeks to establish legal, emotional, and practical separation from the Defendants in full. This includes the right to:

1. Not be contacted in the future under any circumstances
2. Not be mentioned at funerals, family functions, or religious invocations
3. Not be pursued for reconciliation or guilt-driven outreach
4. Be erased from the Defendants' social and familial narratives entirely

The intended outcome is permanent detachment and adult closure enforced through lawful means. Plaintiff asks the Court to affirm that right.

Respectfully submitted,

*Candace Alexander*

**Candace Alexander**

Plaintiff, Pro Se

**Dated:** July 18, 2025