**FILED**

2025 Jul-18  AM 11:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, EASTERN DIVISION

**CANDACE ALEXANDER**,

Plaintiff,

v.

**JAMEKA SCALES, COREY BENNETT, PATRICK BENNETT, and VICKIE BENNETT**,

Defendants.

**Civil Action No.: 1:25-cv-980-clm**

## EXHIBIT R: Financial Motive and Coordinated Retaliation by Defendants

This Exhibit is submitted in support of Plaintiff's Motion for Discovery Framework and Privilege Protections. It documents the post-filing discovery of financial records and public court filings that illuminate the coordinated nature of the Defendants' conduct and the financial desperation that likely motivated it.

## Summary

The judicial and financial records of each Defendant reveal a consistent pattern: **defaults, garnishments, bankruptcies, and systemic debt**. This collective history supports Plaintiff's assertion that the sudden outreach in 2024–2025 was not faith-driven nor relational, but opportunistic and retaliatory. These records were not cited in the original complaint because they were unknown at the time but now confirm the underlying motive.

## Count-Based Relevance Summary for Exhibit R

Plaintiff respectfully submits this summary to establish how *Exhibit R* — documenting financial judgments, garnishments, and debt-related court records for each named Defendant — supports specific counts in the Complaint.

- **Count I – Coordinated Emotional Harassment and Conspiracy**

  Exhibit R demonstrates that the Defendants were not acting independently but were economically aligned and motivated to coordinate contact. Their simultaneous outreach was driven by a shared crisis of instability, not goodwill or reconciliation. The exhibit underscores the conspiracy claim by revealing overlapping financial distress that aligns with the timeline of harassment. ***Cavalry Portfolio Services v. Vickie P. Bennett***, **Case No. 71CI1:04-cv-00271 Judgment: 02/22/2005 — Garnishment revived February 2024**

Defendants' own motion (Doc. 8) confirms the Plaintiff's allegations of coordination by jointly submitting a pro se filing on behalf of all four Defendants. This action undermines any claim of independence and directly supports Count I. The Court should interpret this as a post-filing admission of shared defense strategy — consistent with the pre-filing evidence of synchronized contact and pressure.

Chasity Bennett, daughter of Corey Bennett and a non-party witness, stated: *"My dad keeps acting like he's talking to Keith instead of you [...] making it again to where he thinks you can't think for yourself."*

*[see* Exhibit_N_Chasity_Bennett_Recorded_Call_April22_v1 timestamp 21:19*]*

*(Confirms triangulated emotional harassment and **gendered devaluation** of Candace's autonomy)*

*(Validates Count I – Coordinated Emotional Harassment and Conspiracy)*

- **Count II – Intentional Infliction of Emotional Distress**

  The pressures revealed in Exhibit R suggest the Defendants acted with purpose, not emotion. Their conduct inflicted foreseeable harm on Plaintiff during a known recovery period, and the records suggest the motive was not to heal relationships but to exploit a moment of vulnerability for control or relief.

  Witness Bria Powell: *"Everything seems to come from a religious standpoint—but in a sense of control and not love." [see Exhibit G]*

  *(Confirms emotional control disguised as spirituality)*

- **Count III – Abuse of Legal Process Targeting a Third Party**

  Corey Bennett's affidavit led to a criminal summons targeting Keith Alexander. Exhibit R supports the inference that this filing was used not to resolve a genuine grievance, but as a coercive instrument. The data reveals Corey was under financial strain and had a pattern of judgment avoidance — using the justice system to retaliate and distract from pending exposure.

  Witness: James Bennett called Joy Brock Corey's *"go-to girl." [see Exhibit C Clerk Conflict of Interest]*

  *(Reveals institutional ties validating affidavit manipulation claims)*

- **Count V – First Amendment Retaliation and Chilling Effect**

  Candace's separation from her family and the decision to pursue legal independence posed a threat to their coordinated pressure. Exhibit R contextualizes the retaliatory

nature of their response by showing how severance threatened their financial fallback plans. Their outreach was not peaceful but chilling, designed to silence and intimidate.

- **Count VIII – Preemptive Threat of Continued Legal Abuse**

  The judgment history captured in Exhibit R suggests a pattern of default and misuse. Given this backdrop, the Plaintiff's concern over future legal targeting is not speculative. The risk of repeated filings, process triangulation, and further misuse of judicial instruments is grounded in the Defendants' history of evasion and retaliation.

This exhibit is thus not character evidence — it is pattern evidence, proving motive, means, and coordination in support of multiple counts already pled.

## 1. Corey Bennett

- **Default Judgment** *Alliance Collection Service Inc v. Corey Bennett*, Case No. 71CI1:12-cv-00211 (Tishomingo County) Filed: 12/21/2012 — Judgment: 03/28/2013
- **Bankruptcy Filing** *In re Corey Bennett*, Case No. 13-12756-JDW (N.D. Miss.) Filed: 09/18/2013 — Chapter 7
- **Admissions of Financial Motive (April 2025)**
  - o "Just remember what u done!! … Just as u got everything u got… u can all lose it in a blink of an eye."
  - o "Nobody on here wants \[expletive] YALL GOT BECAUSE YALL AINT GOT SHIT NOWAY…"
  - o "Oh and I forgot… see ya in court!!!!!" / "I will go into my next bag of tricks…" -

**Significance:** This language reveals a calculated campaign to weaponize court filings out of envy and resentment. His affidavit was the legal vector for a personal vendetta.

## 2. Vickie Bennett

- **Default Judgment & Garnishment** *Cavalry Portfolio Services v. Vickie P. Bennett*, Case No. 71CI1:04-cv-00271 Judgment: 02/22/2005 — Garnishment revived February 2024
- **Contradictory Statements**
  - o "I ask Jameka did she see you over Thanksgiving. She said that you had surgery the day after Thanksgiving."
  - o "I am done trying to make it right with my kids."
  - o "I forgive you as well for not letting me be part of your life now."

**Significance:** Vickie claimed universal estrangement to pressure Candace, yet maintained contact with Corey, Patrick, and Jameka. The contradiction shows her narrative was selectively crafted to emotionally target the only financially stable child.

## 3. Patrick Bennett

- **Child Support Garnishment** *State of Missouri v. Patrick Bennett*, Case No. 2311-MC01223 Monthly Obligation: $2,298
- **Civil Judgment** St. Charles County Judgment: $2,834 Garnishment: $123.25/month (active)
- **Key Quotes from April 22 Call**
    - "They are \[expletive] parents. You should never, ever treat your parents like that." (24:00–24:10)
    - "I don't give a \[expletive] for nobody. \[Expletive] nobody." (24:10–24:12)

**Significance:** Patrick delivered emotional pressure wrapped in family rhetoric, then immediately contradicted it with detachment. His motive was not healing, but coercion.

## 4. Jameka Scales

- **Household Bankruptcy** *In re Blake J. Scales*, Case No. 17-12670-JDW (N.D. Miss.) Filed: 2017
- **Contradictory Messages (March 8, 2025)**
    - "I don't associate with people from there!"
    - "I told her \[Vickie] about the surgery bc I said she need to be praying for her…"

**Significance:** While claiming distance from the others, Jameka was actively involved. She acted as a pipeline for private health details to a known harasser while denying affiliation.

## 5. Plaintiff's Financial Stability

Candace Alexander and her household:

- No bankruptcies
- No garnishments
- No unpaid judgments
- No default history

Her husband, Keith Alexander, is a **retired veteran and defense contractor**. The family resides in **35763 (Owens Cross Roads, AL)** — a region known for stable, high-income households.

**Significance:** These facts eliminate any plausible claim that the lawsuit was filed out of financial motive. Instead, the harassment followed Candace's sustained financial independence and emotional boundaries.

## Conclusion

The Defendants are financially entangled and **judicially unstable.** Their reentry into Candace's life aligned not with healing, but **economic collapse**. The evidence confirms that Candace became a **target of opportunity**, and that her refusal to re-engage provoked a campaign of guilt, triangulation, and process abuse.

This Exhibit supports judicial consideration of motive, coordination, and credibility in all subsequent discovery and evidentiary determinations.

These findings do not serve as character judgments but rather as evidentiary support for the Plaintiff's request that discovery be limited, targeted, and shielded from further misuse of judicial process.

Respectfully submitted,

**Candace Alexander**

Plaintiff, Pro Se

**Dated:** July 18, 2025