IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA, EASTERN DIVISION

**Candace Alexander,**

Plaintiff,

v.

**Jameka Scales, Corey Bennett, Patrick Bennett, and Vickie Bennett,**

Defendants.

**Civil Action No.: 1:25-cv-00980-CLM**

**NOTICE CLARIFYING PURPOSE, PROTECTION REQUESTED, AND PLAINTIFF'S INTENT TO DISENGAGE**

**I. PURPOSE OF THIS NOTICE**

This notice is submitted to assist the Court in understanding the scope, legal sufficiency, and procedural context of the Plaintiff's Complaint as the Court prepares to weigh any response from Defendants. It outlines:

- The non-monetary and protective nature of the requested relief;
- The federal and state legal basis for each claim;
- The scale and tone of Defendants' responses relative to the Complaint;
- Credibility concerns arising from prior documented statements and conduct.

Plaintiff also notes that this case is her own. Keith Alexander is not a party. Any references to him in Defendants' responses are outside the scope of this action and should be considered irrelevant. However, the affidavit involving Mr. Alexander became relevant only after Defendant Corey Bennett used Plaintiff's name and identity to support a malicious action against her husband, without her consent or participation. That weaponization of Plaintiff as a conduit in a legal attack on a third party is one of the very harms this Complaint seeks to address. The Court is asked to evaluate this case based on what the Plaintiff herself experienced and endured.

**II. SCOPE OF RELIEF REQUESTED**

Plaintiff respectfully reaffirms that this is **not a monetary dispute**. The Complaint seeks:

- Declaratory acknowledgment of specific misconduct;
- A **lifetime no-contact order** barring indirect religious triangulation and affidavit-based manipulation;
- Symbolic damages in the amount of **$1.00**.

The purpose of this action is **protective**. Plaintiff is not pursuing emotional redress or criminal penalties. A bench trial without jury was requested to further conserve resources and de-escalate confrontation.

## III. LEGAL SUFFICIENCY OF EACH COUNT

Each claim is grounded in controlling legal precedent:

- **Count I – Civil Conspiracy**: *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983)
- **Count II – IIED**: *Harris v. Forklift Systems*, 510 U.S. 17 (1993)
- **Count III – Abuse of Process**: *Cook v. Sheldon*, 41 F.3d 73 (2d Cir. 1994); *Heck v. Humphrey*, 512 U.S. 477 (1994)
- **Count IV – Witness Intimidation**: *Haddle v. Garrison*, 525 U.S. 121 (1998); 18 U.S.C. § 1512(b)
- **Count V – First Amendment Retaliation**: *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019)
- **Count VI – Exploitation of Vulnerable Adult**: Ala. Code § 38-9-7
- **Count VII – Procedural Suppression**: *Carey v. Piphus*, 435 U.S. 247 (1978)
- **Count VIII – Threat of Continued Abuse**: *Twombly*, 550 U.S. 544 (2007)
- **Count IX – Denial of Standing for Affidavit-Named Party**: *Goss v. Lopez*, 419 U.S. 565 (1975)

Each count is supported by a combination of message records, sworn affidavits, timeline correlations, and third-party statements.

## IV. ON PROPORTIONALITY AND ETHICAL CONCERNS

Despite the symbolic stakes, Defendants have:

- Filed a joint motion requesting more time for legal counsel;
- Made no factual rebuttal to the Complaint;
- Signaled intent to contest this matter aggressively rather than disengage.

Under **ABA Rule 1.5(a)**, attorneys may not charge unreasonable fees. Retaining counsel to fight a **$1.00 symbolic claim**, especially one that seeks no emotional damages and no criminal referral, may fall short of this standard.

Further, as the Supreme Court held in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), nominal damages are sufficient to confer Article III standing for violations of constitutional rights. Plaintiff's request is both procedurally and legally valid.

## V. FINAL POSITION OF PLAINTIFF

Plaintiff respectfully clarifies that this lawsuit was never filed to provoke a defense, escalate a dispute, or force engagement. In truth, Plaintiff does not seek an Answer from any Defendant. Her goal is to seal legal, spiritual, and institutional distance from all four individuals named. The

Complaint was designed to remove Plaintiff from further proximity to those who have continuously refused to respect boundaries.

This case is not about retaliation or reconciliation. It is about establishing legal protection from further misuse of Plaintiff's name, identity, or perceived familial status.

**Specifically, Plaintiff requests that this Court issue declaratory relief affirming:**

- That Plaintiff's name and role were used in that affidavit without her knowledge or permission;
- That Corey Bennett's sworn affidavit was materially false, especially his statement that "Keith filed a police report to the police", which was factually disproven;
- That such misuse constituted reputational and legal harm.

Plaintiff also seeks a judicial ruling confirming:

- She does not owe these individuals proximity, response, or engagement;
- They may not invoke her name in future filings under the pretext of care, faith, or concern;
- They may not involve her in triangulated actions against others.

This action was filed only after the Tishomingo County Justice Court refused to intervene. On **June 3, 2025**, Plaintiff was willing to offer a final lifetime severance to these individuals but was advised by her husband's retained counsel that the environment in that venue made such a proposal nonviable.

She now asks the federal court for a remedy Corey's local courthouse would not provide:

- Lifetime no-contact;
- The facts properly disputed;
- Legal confirmation that certain lines cannot be crossed again.

**That is, and always has been, the sole purpose of this case.**

Respectfully submitted,

*Candace Alexander* (signature)

**Candace Alexander**

7415 Nature Walk Way SE

Owens Cross Roads, AL 35763

*Pro Se Plaintiff*

Candace Alexander
7415 Nature Walk Way SE
Owens Cross Roads, AL 35763

JUL 31 ....
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

Clerk of Court
U.S. District Court
Northern District of Alabama
660 Gallatin Street SW
Huntsville, AL 35801

35801-491360

BIRMINGHAM AL 350
29 JUL 2025 AM 5 L


