UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

CANDACE ALEXANDER,
Plaintiff,

v.

JAMEKA SCALES, *et al.*,
Defendants.

Case No. 1:25-cv-980-CLM

FILED
2025 AUG -8 A 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## MOTION TO STRIKE DEFENDANTS' ANSWERS AND FOR DEFAULT JUDGMENT

Plaintiff moves this Court to strike the purported "answers" filed by Defendants Jameka Scales, Corey Bennett, Patrick Bennett, and Vickie Bennett (Docs. 29, 26, 27, 28) under Fed. R. Civ. P. 12(f) and 8(b), and to enter default judgment under Rule 55(b), for the following reasons:

### I. DEFENDANTS' FILINGS FAIL TO COMPLY WITH RULE 8(b)

1. **No Paragraph-by-Paragraph Response**

Rule 8(b)(1)(B) requires a party to "admit or deny the allegations asserted against it by an opposing party." None of the Defendants admitted or denied each numbered paragraph of the Complaint. Instead, they filed substantially identical narratives consisting of conclusory statements and broad denials.

2. **No Legal Authority Cited**

Not a single Defendant cites a rule, statute, or case law in support of their position. The filings rely solely on personal opinions and unsupported accusations, which do not meet the standard of "short and plain" defenses under Rule 8(b)(1)(A).

3. **Effect of Rule 8(b)(6)**

Under Rule 8(b)(6), any allegation not properly denied is deemed admitted. As shown in the tables that follow, Defendants failed to directly address numerous allegations. Those allegations are now admitted as a matter of law.

4. **Procedurally Defective Format**

Each filing improperly combines a "motion to dismiss" with a sworn personal affidavit. Under Rule 12(a)(4), such a motion tolls the time to answer only if the Court grants it, and no such grant occurred here.

5. **Irrelevant and Improper Assertions**

Instead of addressing the Complaint, Defendants:

- Make speculative and unqualified statements about Plaintiff's mental health with no medical credentials or records.
- Continue to refer to Plaintiff as a "relative" despite Doc. 19 clarifying there is no active family relationship.
- Repeatedly reference an individual who is not a party to this action, despite formal clarification in Doc. 11-2 (Exhibit S) that third-party involvement is outside the scope of this case.
- Ignore the extensive documentary and sworn exhibits attached to the Complaint, including text messages, call records, and coordinated statements.

6. **Breach of Granted Extension**

Plaintiff granted Defendants an unopposed extension (Doc. 8) to obtain counsel. They used that grace period to prepare nearly identical filings that fail to address the claims and instead focus on personal attacks.

## II. CONSEQUENCE — DEFAULT IS APPROPRIATE

Because these filings do not qualify as valid Answers under Rule 8(b), all factual allegations remain uncontested. Under Rule 55(b), the Court may enter default judgment when a defendant has "failed to plead or otherwise defend", which is the case here.

### III. EXTENSION WAS GRANTED BASED ON REPRESENTATIONS THAT WERE NEVER FULFILLED

Plaintiff did not oppose Defendants' request for additional time, as they stated in their July 15 filing (Doc. 8):

"Defendants respectfully request an additional thirty [30] days... to obtain legal counsel, assess the legal sufficiency of the claims, and prepare an appropriate response." The Court granted that request. No attorney appeared. No filings were made that complied with the Rules. The extended deadline passed without any valid Answer being filed.

Under Fed. R. Civ. P. 6(b), extensions are granted for cause. That cause was not fulfilled. Defendants were granted grace, made representations to the Court, and failed to honor them. Plaintiff further notes the complete and prolonged silence of four geographically dispersed defendants, a synchronized lapse that may warrant procedural examination at a later stage.

## IV. FAILURE-TO-ANSWER TABLES

| Complaint ¶ | Allegation | Jameka's "Answer" | Defect |
|---|---|---|---|
| ¶ 12 | Coordinated group chat harassment on April 23, 2025 (Exh. A) | Admits silence; claims context was "insane"; ignores that silence was strategic. | No factual rebuttal → admitted. |
| ¶ 18 | Acting as internal informant, relaying private medical info for manipulation (Exh. F, M) | Admits telling Vickie about surgery; downplays details; no denial of resulting harassment. | Confirms core fact → admitted. |
| ¶ 22 | Participation in coordinated campaign since 2022 | Ignores earlier incidents; focuses on not texting Candace since "March 8 cutoff." | Partial denial, no evidence → admitted. |
| ¶ 30 | Targeting during medical vulnerability | No medical knowledge; passes health info; claims harmless intent. | Offers no factual defense → admitted. |
| ¶ 35 | Coordinated silence as collusion | Admits silence; disputes motive without proof; ignores broader pattern. | Unsupported motive argument → admitted. |
| ¶ 38 | Role in conspiracy with other defendants | Denies coordination but never addresses exhibits or timelines. | Unrebutted → admitted. |

| Complaint ¶ | Allegation | Corey's "Answer" | Defect |
|---|---|---|---|
| ¶ 12 | Coordinated group chat harassment on April 23, 2025 (Exh. A) | Talks about unrelated criminal charge; ignores group chat and own threats. | Fails to admit/deny → admitted by default. |
| ¶ 18 | False affidavit w/ "fake police report" claim (Exh. K) | Denies filing false affidavit; offers no evidence; ignores Exhibit K. | No rebuttal → admitted by default. |
| ¶ 22 | Pattern of harassment dating to 2022 | Claims case only about Keith's criminal charge; ignores earlier incidents. | Does not address scope → admitted. |
| ¶ 25 | Preemptive threat of continued legal abuse | Silent; no denial of threats in group chat (Exh. A). | Uncontested → admitted. |
| ¶ 30 | Targeting during medical vulnerability | No mention; offers no medical knowledge; speculates on mental health. | No factual rebuttal → admitted. |
| ¶ 38 | Role in coordinated campaign | Denies "coordinated conduct" but gives no evidence; repeats irrelevant criminal charge narrative. | Unsupported denial → admitted. |

| Complaint ¶ | Allegation | Patrick's "Answer" | Defect |
|---|---|---|---|
| ¶ 14 | April 22, 2025 call to Candace as part of coordinated harassment (Exh. B) | Claims no contact for 5 years; ignores recorded April 22 call. | Contradicts evidence → admitted. |
| ¶ 18 | Supporting Corey's affidavit with direct outreach | Denies role; ignores call content aligning with affidavit timeline. | No factual rebuttal → admitted. |
| ¶ 22 | Participation in conspiracy with Corey, Jameka, and Vickie | Denies coordination; no evidence; fails to address exhibits. | Bare denial → admitted. |
| ¶ 30 | Emotional coercion during call | Denies coercion; admits telling Candace "people care about her." | Confirms central fact → admitted. |
| ¶ 35 | Targeting during family pressure campaign | No direct rebuttal; offers opinion on Candace's mental state. | Opinion, not fact → admitted. |
| ¶ 38 | Role in multi-state harassment effort | Ignores cited laws (MS, AL, MO); no alternate explanation. | Unrebutted → admitted. |

| Complaint ¶ | Allegation | Vickie's "Answer" | Defect |
|---|---|---|---|
| ¶ 16 | April 23, 2025 group chat silence as tacit endorsement of Corey's affidavit | Admits silence; claims it was prayer and "spiritual messages." | Confirms core fact; motive irrelevant → admitted. |
| ¶ 20 | Use of spiritual guilt tactics to manipulate Candace | Claims she sends same messages to all children; no denial of timing/content linked to harassment timeline. | No factual rebuttal → admitted. |
| ¶ 27 | Participation in coordinated harassment with other defendants | Denies coordination; no evidence; ignores exhibits tying her to pattern. | Bare denial → admitted. |
| ¶ 33 | Breach of no-contact boundaries | Claims Candace added her to group chat; ignores prior no-contact stance and her silence's effect. | Deflection; no rebuttal of breach → admitted. |
| ¶ 37 | Spiritual harassment as coercive speech | Denies intent; ignores documented timing during vulnerability. | Intent irrelevant; conduct unrebutted → admitted. |

**WHEREFORE**, Plaintiff respectfully requests that the Court:

- Strike each Defendant's filing as non-compliant with Rule 8(b);
- Enter default judgment against all Defendants under Rule 55(b); and
- Grant such other relief as the Court deems just and proper.

*/s/ Candace Alexander*
**CANDACE ALEXANDER**
PRO SE PLAINTIFF
7415 NATURE WALK WAY SE
OWENS CROSS ROADS, AL 35763