NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

CANDACE ALEXANDER,
   Plaintiff,

v.

JAMEKA SCALES, *et al.*,
   Defendants.

Case No. 1:25-cv-980-CLM

## [PROPOSED] FINAL DEFAULT JUDGMENT

The Court **GRANTS** Plaintiff Candace Alexander's Motion for Default Judgment under Rule 55(b)(2). The Court finds as follows:

- Defendants were properly served and granted an extension of time but failed to file any proper answer or responsive pleading by the extended August 11, 2025 deadline.
- The allegations in Plaintiff's Complaint (Doc. 1) are deemed admitted under Rule 8(b)(6).
- The coordinated pro se filing (Doc. 8), followed by uniform noncompliance, supports Plaintiff's claim that Defendants acted jointly and intentionally.

Accordingly, the Court **ORDERS** as follows:

### I. ENTRY OF JUDGMENT

Judgment is **ENTERED** in favor of Plaintiff Candace Alexander and against Defendants Jameka Scales, Corey Bennett, Patrick Bennett, and Vickie Bennett on all counts in the Complaint (Counts I through IX).

## II. DECLARATORY RELIEF

Pursuant to 28 U.S.C. § 2201(a), the Court **DECLARES** that:

- The affidavit submitted by Corey Bennett on or about April 22, 2025, contained materially false statements, targeted an unrelated third party, and was used as a vehicle to reference and draw Plaintiff into the matter without her knowledge or consent. It was submitted in coordination with the other Defendants as part of a broader harassment campaign.
- The conduct of Defendants was not incidental or benign, it was retaliatory and undertaken to harass, manipulate, or undermine Plaintiff through misuse of legal process, timed emotional incursions, and group-based pressure tactics.
- Defendants' behavior, including affidavit abuse, triangulation, unsolicited contact during medical vulnerability, and social manipulation through spiritual or familial messaging, constitutes **predatory conduct** and presents a continuing danger to Plaintiff's peace, autonomy, and the protected boundaries of her minor daughter.
- Any future messaging, invocation, or indirect contact with Plaintiff or her daughter, under the guise of religion, family, or concern, shall be presumed coercive and inconsistent with this judgment.
- The coordinated efforts of Defendants created a **chilling effect** on Plaintiff's ability to disengage from toxic family dynamics, assert her boundaries, and engage in constitutionally protected life choices without fear of surveillance, guilt-leverage, or procedural misuse.

## III. INJUNCTIVE RELIEF

The Court **PERMANENTLY ENJOINS** Defendants Jameka Scales, Corey Bennett, Patrick Bennett, and Vickie Bennett from initiating or maintaining **any direct or indirect contact** with Plaintiff or her minor daughter, including but not limited to:

- In-person communication.
- Written, electronic, or telephonic communication.
- Contact through third parties.
- Inclusion in religious, familial, or social messaging intended to reach or affect them.
- Reference to Plaintiff or her daughter in prayer chains, online messages, family correspondence, or group communications that function as guilt-leverage or emotional triangulation.

## IV. NOMINAL DAMAGES

The Court **AWARDS** Plaintiff one dollar ($1.00) in nominal damages, **jointly and severally**, against all four Defendants, reflecting legal recognition of the injury and the validity of each claim without emphasizing financial restitution.

## V. FINDINGS OF FACT AND LEGAL CONCLUSIONS

The Court makes the following **findings of fact and declaratory conclusions**:

### 5.1. Coordinated Harassment and Coercion

- Defendants jointly engaged in a pattern of unwanted, indirect, and emotionally charged communication.
- This included triangulation through third parties, coordinated silence, pressure messaging through religious language, and legal misuse via a false affidavit timed to destabilize.
- These tactics were undertaken in response to Plaintiff's personal, financial, and emotional independence, not in the pursuit of healing or reconciliation.

### 5.2. Boundary Violations Through Indirect Communication

- Defendants deliberately used religious references, third-party outreach, and spiritual pretexts to bypass Plaintiff's no-contact boundaries.
- Efforts to "invoke" Plaintiff through prayer, family messaging, or discussions about her surgery were forms of indirect control and surveillance, not concern.
- These efforts caused emotional stress and are declared coercive.

### 5.3. Targeting During Medical Vulnerability

- Defendants timed outreach during medical recovery periods in both 2022 and 2024, using spiritual guilt and indirect communication to destabilize.
- On April 22, 2025, Corey Bennett filed a materially false affidavit.
- On the same day (April 22), Patrick Bennett called Plaintiff in a coercive manner that attempted to redirect guilt and silence.
- The following day, April 23, 2025, Plaintiff initiated a group chat seeking clarification, and Corey responded with an aggressive verbal attack.

### 5.4. Predatory and Dangerous Conduct

- The collective behavior of Defendants reflects a deliberate campaign of psychological destabilization cloaked in family concern and spiritual rhetoric.
- The Court finds that their continued proximity, even indirectly, poses a **continuing danger** to Plaintiff and her child.
- These findings justify both the permanent injunction and declaratory conclusions granted herein.

## VI. ENTRY OF FINAL JUDGMENT

The Court DIRECTS the Clerk to enter final judgment accordingly.

**DONE** and **ORDERED** this ___ day of _____, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE