UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

CANDACE ALEXANDER,
Plaintiff,

v.

JAMEKA SCALES, *et al.*,
Defendants.

Case No. 1:25-cv-980-CLM

## NOTICE REGARDING PROCEDURAL TIMING, RESPONSIVE STATUS, AND CONTINUED ABSENCE OF EVIDENTIARY SUPPORT

Plaintiff respectfully submits this notice to clarify the current procedural posture of this action, respond to continued inconsistencies in the Defendants' filings, and preserve the record in light of Rules 5, 8, 12, and 56 of the Federal Rules of Civil Procedure, as well as applicable case law regarding waiver, evidentiary burden, and judicial efficiency.

### I. DEFENDANTS' STRATEGY REFLECTS A CRIMINAL COURT POSTURE

The Defendants have at every stage of this case, treated these proceedings as if governed by criminal procedure rather than civil litigation. This includes:

- Filing a joint Motion for Extension on July 11, 2025, signed by all four Defendants, identifying the Plaintiffs in the plural, even though only one Plaintiff (Candace Alexander) exists in this action.
- Filing generalized Answers and unsupported arguments that read more like denials of criminal guilt than structured defenses to civil tort claims.
- Avoiding direct engagement with motions or notices, following the silence and non-responsiveness typically advised in criminal defense.

This posture contradicts the cooperative discovery and responsive pleading expectations of the FRCP. Federal civil court is not a venue where silence preserves rights.

## II. MULTIPLE MOTIONS AND NOTICES REMAIN UNADDRESSED

Since July 2025, the Plaintiff has submitted numerous filings. Defendants have failed to file responses or oppositions to the following:

1. MOTION TO STRIKE & DEFAULT **(August 8, 2025)**
2. SUPPLEMENT TO MOTION FOR DEFAULT JUDGMENT **(August 11, 2025)**
3. REVISED PROPOSED JUDGMENT **(August 11, 2025)**
4. NOTICE OF RELATIONSHIP CLARIFICATION **(July 21, 2025)**
5. NOTICE REGARDING SERVICE TIMELINE AND FILINGS **(July 21, 2025)**
6. MOTION FOR ENTRY OF DISCOVERY FRAMEWORK **(July 18, 2025)**
7. MOTION TO PRECLUDE IMPROPER REFERENCE TO NON-PARTY WITNESS **(July 17, 2025)**

These documents were submitted in good faith, using standard federal civil procedure. Defendants' refusal to engage reflects a misunderstanding of litigation responsibilities.

## III. PLAINTIFF'S RELIANCE ON PACER

Plaintiff continues to rely on PACER as the sole mechanism of receiving and reviewing court filings. No mail, service packet, or communication has been received from Defendants as required under Rule 5(b)(2). The Defendants have not complied with any formal service obligations, nor have they attempted to correct this failure.

## IV. LEGAL STANDARD: WAIVER THROUGH NON-OPPOSITION

Courts do not reward silence. The Northern District of Georgia noted in **Jackson v. Barnhart**, 441 F. Supp. 2d 1281, 1286 (N.D. Ga. 2006):

*"Jackson has failed to raise any other objections to the RR. Accordingly, the court need not consider other conclusions reached by the Magistrate, as Jackson has waived further review of these claims."*

This applies with equal force here. The Defendants' strategic silence constitutes a waiver of substantive rebuttal, which supports the Motion for Default already submitted.

## V. LACK OF ADMISSIBLE EVIDENCE FROM DEFENDANTS

Despite referencing alleged harassment, mental health concerns, and a supposedly ongoing criminal matter, the Defendants have submitted no supporting evidence to substantiate these claims. No exhibits, no verified documentation, and no judicially noticeable facts have been offered. A search of Mississippi's MEC (Mississippi Electronic Courts) database, the official state-level equivalent of PACER, yields no record of any active criminal proceeding. Defendants neither deny these gaps nor request an opportunity to amend.

In the absence of good faith engagement, the Plaintiff cannot be expected to litigate against rhetorical gestures rather than legal arguments.

**This Court's docket should not be burdened by filings that neither adhere to civil procedure nor present facts capable of judicial scrutiny.**

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Take judicial notice of Defendants' ongoing procedural silence.
2. Decline to interpret their filings charitably where they fail to meet minimum legal standards.
3. Consider Plaintiff's Motion to Strike as dispositive of the case.
4. Proceed to judgment consistent with Rule 55 and Rule 12(f).

*(signature)*

**CANDACE ALEXANDER**
PRO SE PLAINTIFF
7415 NATURE WALK WAY SE
OWENS CROSS ROADS, AL 35763