UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

CANDACE ALEXANDER,
Plaintiff,

v.

Case No. 1:25-cv-980-CLM

JAMEKA SCALES, *et al.*,
Defendants.

## NOTICE CLARIFYING LEGAL BASIS AND PROCEDURAL MISREPRESENTATIONS

### Purpose of This Filing

This supplemental memorandum is submitted to clarify key legal and procedural concerns that have emerged in the record. I understand the Court is limited to what is formally presented, and this document is intended to:

1. Highlight factual inconsistencies and procedural irregularities in the Defendants' filings, and
2. Ensure the Court has a complete, accurate basis to evaluate legal plausibility, standing, and misuse of process as it applies to the claims I've raised.

I am not an attorney, but I have made every effort to stay within the boundaries of the Federal Rules of Civil Procedure. This memorandum is not meant to overwhelm the record, but to support it with clarity and structure, using only the facts and filings already before the Court.

### II. Suspicious Pre-Summons Access and Misuse of Authority

The criminal summons naming my husband wasn't issued until May 12, 2025. Yet on April 23, 2025, Corey Bennett was already issuing legal threats ("See you in court") in a private group chat I created. This raises a serious question: how did a private citizen know of a legal outcome weeks before it happened?

Additionally:

- **Corey is not a prosecutor. He cannot "file charges," only submit an affidavit. His claims in Doc 26 that he filed criminal charges are legally inaccurate.**
- Corey asked the Northern District of Alabama to send all filings to his home address. He is not an attorney or official yet used his proximity to the Tishomingo courthouse to route filings through himself. See Doc 8, p.4.
- His personal ties to the Tishomingo County Sheriff, court clerk raise concerns of improper insider access. *See Exhibits A-1, C*

### III. Premature Push for Summary Judgment Without Discovery

After jointly requesting more time to find legal counsel (Doc. 8), the Defendants abruptly pivoted to seeking dismissal once this Court issued its Order to Answer and I submitted a proposed Discovery Framework (Doc. 11). Instead of engaging in discovery, they filed nearly identical, cut-and-paste answers asking for dismissal and summary judgment, without serving disclosures, issuing interrogatories, or submitting evidence.

This change in posture appears designed to avoid inquiry into coordinated group conduct, retaliatory motives, and communications involving Tishomingo County. My Discovery Framework explicitly outlined spousal privilege, timing of emotional disruption, and retaliation, all of which they have now tried to avoid.

The pattern of staging extends back to the April 23 group chat, in which Corey Bennett inserted comments like "Keith, stop harassing me" and "on to my next move", even though Keith was never part of the chat. These messages were sent directly to me and appear designed to fabricate harassment by my husband, framing him in advance of his court appearance.

The same misrepresentation appears in their July 15 filing (Doc. 8), stating: "It is inappropriate to contact the Plaintiffs." I am the sole Plaintiff. There is no "Plaintiffs." This plural framing is not accidental; it continues their attempt to shift focus onto Keith and create the illusion of mutual contact or conflict.

Jameka Scales, who later referred to the April 23 chat as "insane" (Doc. 29), remained in that conversation for nearly seven hours. If she found it disturbing, why stay? Her silence while Corey staged messages points to participation, not disapproval. And if she truly acted independently, why did she join a joint motion with Corey (Doc. 8) and fail to file any motion separating herself from his actions?

The same logic applies to Patrick and Vickie Bennett. None of the Defendants have filed individualized motions to dismiss. Instead, they filed uniform answers defending not just themselves, but Corey. Their coordinated defense strategy makes sense only if their goal is to shield Corey from scrutiny, not defend against their own alleged conduct.

After the chat, Corey misrepresented my filings as harassment from both me and Keith, even though Keith has not contacted any Defendant since April 22, and has acted only through counsel. The goal was to paint a narrative of mutual hostility that doesn't exist, then trigger dismissal or narrow relief before discovery could reveal the truth.

Their filings avoid any discussion of Corey's coordination with officials on April 22–23, the very period when this legal setup took shape. I preserved the record, not Keith. The Defendants now avoid discovery because they know what it would confirm: that I was the target, not the aggressor.

### IV. Misrepresentation of Standing and Criminal Case Framing

All four Defendants falsely frame the criminal matter as a personal dispute between Corey and Keith:

- Corey claims he "filed charges" and the case is ongoing, both false.
- Jameka says I sued in retaliation for Corey "pressing charges" private citizens cannot press charges.
- Patrick and Vickie describe it as a case "between Keith and Corey" such a case does not exist.
- I have not been able to find this case in the Mississippi PACER based system.

Worse, each Defendant's Answer ignores the clear timeline presented in this lawsuit. **My Complaint dates to emotional, spiritual, and procedural misconduct beginning as early as 2022, with the most intense phase occurring from December 2024 to the present.** Their collective failure to acknowledge this history is not accidental, it is a strategic misrepresentation meant to minimize the scope of harm and mislead the Court into viewing this as a single incident, rather than part of an ongoing pattern of abuse and retaliation.

Mississippi law (Miss. Code Ann. § 99-3-2) allows only prosecutors to file charges. The State, not Corey, is the party. Yet all four defendants speak with insider-like familiarity about a process in which they hold no legal role.

These false framings:

- Mislead the Court
- Inflate Corey's authority:
  - **Corey Bennett is employed as a delivery driver and trucking contractor.** Yet in filings and group statements, he is repeatedly framed as having prosecutorial authority, despite being a private citizen with no legal role in the criminal process.
- Suggest improper coordination or shared access

### V. Clarification of Keith Alexander's Legal Status

Although the Defendants repeatedly referenced my husband in their filings, this case is brought solely by me, Candace Alexander. Keith Alexander is not a party, and any legal matters involving him are being handled separately by his retained counsel, Wayne Housley.

The Defendants' attempts to involve him here are both procedurally irrelevant and misleading. Corey Bennett's June 3, 2025, appearance was in his capacity as a private affiant, not a party to any case involving my husband. Keith appropriately relied on legal counsel and made no direct engagement with the Defendants, who hold no legal authority over him.

Their continued references to him, while ignoring known counsel, further discredit their filings. This case concerns longstanding misconduct directed at me alone.

### VI. Defendants' Own Filings (Docs 8, 26-29) Confirm the Validity of Counts I, II, III, and V

**1. Coordinated Mental Health Gossip Across Three States**

**(Count II – IIED, Count I – Civil Conspiracy)**

All four Defendants, Corey Bennett and Vickie Bennett (Mississippi), Patrick Bennett (Missouri), and Jameka Scales (Alabama), claimed in their filings that my federal complaint reflected mental instability. Yet:

- None of them are licensed mental health professionals.
- None of them submitted any clinical evaluations.
- None of them identified a single behavior they witnessed firsthand.
- None of them have daily contact with me, all are estranged and do not live with me or observe me in any setting.

Still, all four used nearly identical psychological language expressing concern for my "mental health". These weren't stray remarks; they were part of a pattern.

This is **medical gossip**: the unqualified and coordinated sharing of psychological labels by people with no credentials and no personal knowledge, intended to shame or discredit.

**Why This Matters:**

- **Count II – IIED**: This qualifies as intentional infliction of emotional distress. The Defendants used outrageous and stigmatizing language, knowing it would harm me.
- **Count I – Civil Conspiracy**: The fact that people in three states submitted answers using the same narrative, without talking to each other (as they claim), points to coordinated strategy, not coincidence.

They all deny working together, but they repeated the exact same script, using the same type of attack. That's not a coincidence. That's group targeting with psychological smears.

**2. Parroting the False Claim That Corey "Filed Charges"**

**(Count III – Abuse of Process, Count I – Civil Conspiracy)**

Vickie, Jameka, and Patrick all implied in their answers that Corey filed "criminal charges" against Keith. But Corey was a **private affiant**, not a prosecutor. The only people who can initiate criminal charges are law enforcement or the district attorney.

- None of these Defendants were present at the June 3 hearing.
- None of them provided a case number or any notes from this case...which is a public case that any private citizen can access.
- None of them used the legal phrase, "I lack sufficient knowledge to admit or deny," which is the correct answer if they weren't involved.
- I gathered the evidence myself and I can't find a case number for this ongoing case. State level criminal cases are accessible by private citizens. I've become very efficient at using PACER based systems. (See Exhibit R)

Instead, they adopted Corey's claim as fact. That's a problem. There is **no docket number** they can cite. They're repeating legal claims about a process they couldn't possibly observe, unless they coordinated it together or were coached to repeat it.

Also: if they aren't involved, why did all four of them sign **Doc. 8**, a joint motion asking for more time to respond **together**? I had to correct the record myself in Doc 16 & 17 to request they provide separate answers after seeing Doc 8 pop up in PACER...which to this date, I've still never received a copy in the mail. Further proving why, I needed to learn how to use PACER before filing this lawsuit.

**Why This Matters:**

- **Count III – Abuse of Process**: They reinforced a legal narrative they knew nothing about, turning Corey's false claim into a group defense.
- **Count I – Civil Conspiracy**: Their refusal to disclaim knowledge proves alignment. They are backing Corey's legal posture with no basis.

### 3. Coordinated Stall Tactics and Service Avoidance

(**Count V – First Amendment Retaliation**)

None of the four Defendants have served me by mail, despite clearly knowing how to do so. I've been forced to track everything on PACER. Yet:

- They filed matching answers.
- They signed a joint motion for extension.
- They now seek summary judgment without even starting discovery.

Why are four people trying to dismiss a case that is only asking for **a no-contact order**?

- This is not about misunderstanding; it's about stalling.

- Three of the Defendants have prior legal experience (See Exhibit R), they know what they're doing.
- These coordinated delays and refusals to communicate are meant to wear me down.

**Why This Matters:**

- **Count V – Retaliation**: These stall tactics are retaliation for me using the court system. They're trying to chill my speech by making me jump through hoops just to be heard.

### VII. Misrepresentation Quick Reference List

The following misstatements appear throughout the Defendants' filings and are addressed in this memorandum:

1. **Misstatement of Plaintiff(s)**

   Defendants repeatedly refer to "Plaintiffs," despite Candace Alexander being the sole plaintiff. See Doc. 8 and Docs. 26–29.

2. **Fabricated Conflict with Keith Alexander**

   Corey Bennett inserted staged references to Keith Alexander in a private group chat, falsely suggesting ongoing harassment. See Exhibit D and §III above.

3. **False Claim of Criminal Authority**

   Corey states he "filed charges" in Doc. 26.

   Under Mississippi law, only prosecutors may file criminal charges.

4. **Improper Group Filings**

   All four Defendants filed synchronized motions and answers without distinguishing their own conduct.

   See Doc. 8 and Docs. 26–29.

5. **Strategic Silence on Discovery Framework**

   Defendants ignored the Discovery Framework (Doc. 11) and pivoted to summary judgment after its filing.

6. **Timeline Suppression**

Defendants omit the full pattern of harassment from 2022 onward, framing the matter as a short-term dispute.

7. **Joint Defense While Claiming Separation**

    Jameka Scales signed a joint motion with Corey Bennett yet now claims she is uninvolved.

8. **Failure to Acknowledge Counsel**

    Corey interacted with Wayne Housley on June 3, 2025, yet all filings proceed as if no legal counsel exists.

9. **False Representation of Intent to Secure Counsel and File a Proper Answer**

    In Doc. 8, Defendants claimed they were seeking legal representation.

    Instead, they submitted copy-pasted responses without counsel and failed to answer the complaint properly.

10. **Improper Request for Judicial Interpretation**

    Jameka asks the Court to "read the complaint" for her (Doc. 29), while:

    • Failing to obtain counsel,

    • Providing no detailed answers, and

    • Ignoring extensive evidence including official records, recordings, and PACER-tracked documentation.

    This undermines procedural responsibility and suggests an attempt to shift the burden of engagement to the Court.

11. **Coordinated Mental Health Gossip Without Basis**

    All four Defendants echo claims that Candace is mentally unstable without:

    • Holding any clinical qualifications,

    • Citing a triggering event beyond her legal filings, or

    • Providing any firsthand observation.

    This baseless psychological framing—shared across three states—supports Count II (IIED) and Count I (Civil Conspiracy).

12. **Lack of Day-to-Day Contact Contradicts Diagnostic Claims**

    All four Defendants are estranged from Candace and have no regular contact yet assert speculative claims about her mental state.

    This undercuts the credibility of their statements and suggests defamatory intent rather than informed opinion.

13. **Refusal to Disclaim Knowledge of Corey's Affidavit Process**

    Despite not being involved in the criminal case or having legal access to details, none of the Defendants stated they "lack sufficient knowledge" regarding Corey's affidavit or Keith's criminal summons.

    Their answers instead affirm a false narrative—validating Count III (Abuse of Process).

14. **Failure to Provide Case Numbers While Repeating Legal Claims**

    Defendants make repeated references to a "case between Keith and Corey" without providing a docket number or any verifiable record.

    Their refusal to validate this narrative demonstrates bad faith and reliance on rhetorical framing rather than procedural accuracy.

*[Signature]*

CANDACE ALEXANDER
PRO SE PLAINTIFF
7415 NATURE WALK WAY SE
OWENS CROSS ROADS, AL 35763