UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

CANDACE ALEXANDER,
Plaintiff,

v.                                          Case No. 1:25-cv-980-CLM

JAMEKA SCALES, *et al.*,
Defendants.

## MEMORANDUM OF LEGAL AUTHORITY SUPPORTING PLAINTIFF'S CLAIMS

This notice explains in plain language how each legal count in the Complaint is based on established case law or statute. These are not speculative claims; they reflect the facts in this case applied to controlling legal standards.

As a pro se litigant, the Plaintiff understands the Court may only consider what is formally placed in the record and therefore submits this clarification to ensure procedural and factual completeness.

### Count I – Civil Conspiracy

**Case Cited:** *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983)

**Explanation of Precedent:** In *Halberstam*, the court held that a person can be liable for a civil conspiracy even if they did not commit the main wrongful act, so long as they knowingly participated in a common plan and provided support to others carrying it out. The key elements are: (1) an agreement to participate in an unlawful act, (2) knowledge of the objective, and (3) acts in furtherance of the conspiracy.

**How This Applies:** From December 2024 to June 3, 2025, all four Defendants coordinated to pressure and isolate me through religious manipulation, emotional disruption, and misuse of the legal process. Their actions continued inside this lawsuit:

- **Agreement to participate:** On July 15, 2025 (Doc. 8), they filed a joint motion requesting more time to find a lawyer but never hired one. They also failed to serve me, violating basic procedure and showing coordinated intent.
- **Knowledge of the objective:** On August 7, 2025 (Docs. 26–29), each Defendant submitted a nearly identical answer, containing the same false narratives about my mental health. Their answers avoided individual responsibility and were clearly prepared as a group.

- **Acts to help the conspiracy succeed:** Their July motion asked the Court to send the filing to Corey Bennett's home, centralizing communication and allowing him to coordinate responses. This action gave Corey control of the court's responses, kept the group aligned, and further delayed the case, all in service of their shared goal to discredit and exhaust me.

### Count II – Intentional Infliction of Emotional Distress (IIED)

**Case Cited:** *Harris v. Forklift Systems*, 510 U.S. 17 (1993)

**Legal Principle:** The Supreme Court in *Harris* held that emotional abuse does not need to cause a breakdown to be actionable. If conduct is targeted, serious, and disruptive to someone's peace of mind, it meets the legal threshold. The key is the pattern, the severity, and the intent behind the behavior.

**Application to This Case:** The Defendants coordinated a sustained emotional attack designed to wear me down over time, especially around the April 2025 affidavit. Their actions combined religious guilt, family pressure, legal manipulation, and silence used as complicity.

**Supporting Facts:**

- **Exhibit B – The Patrick Bennett Call:** Patrick contacted me after years of silence, pretending to care. He used phrases that clearly came from Corey, showing coordination. His messages guilt-tripped me and reframed my healthy boundaries as instability.
- **Exhibit D – The Group Chat:** The next day, I tried to clarify the situation. Corey responded with open verbal attacks, calling me unstable and threatening my home. The others stayed silent, which made the isolation worse.
- **Exhibit F – Religious Manipulation:** Dating back to 2022, Vickie and her enabler Sylvia Dryer (Texas address and phone number) used scripture and coded language to pressure me emotionally. This wasn't faith, it was control. They timed this pattern to hit when I was recovering from surgery.
- **Continued Harassment in This Case:** On July 15, they filed a joint motion claiming they needed a lawyer, then never hired one. On August 7, they submitted four nearly identical answers attacking my mental health and avoiding all individual responsibility. Their filings have not once taken me seriously.

**Why It Matters:** Their goal wasn't resolution, it was exhaustion. Under *Harris*, I don't need to prove I broke down. I only need to show that what they did was serious, targeted, and meant to destabilize me. And that is exactly what happened.

## Counts III–V: Abuse of Legal Process, Witness Intimidation, and First Amendment Retaliation

**Cases Cited:**

- *Cook v. Sheldon*, 41 F.3d 73 (2d Cir. 1994)
- *Heck v. Humphrey*, 512 U.S. 477 (1994)
- *Haddle v. Garrison*, 525 U.S. 121 (1998)
- *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019)
- *18 U.S.C. § 1512(b)*

**Legal Principles:** Legal process cannot be used as a tool for retaliation. Witnesses are protected from intimidation, even emotional or social. Free speech, including religious boundaries, is protected from reprisal through false filings or coordinated harassment.

**How This Applies:** This was not a lawful dispute; it was a coordinated effort to punish me for asserting independence.

- **April 22, 2025:** Corey Bennett filed a knowingly false affidavit. No police report existed, and he had access to that fact.
- That same day, Patrick Bennett began calling and texting me urgently, pretending something was wrong. We had not spoken in years. (See Exhibits A-2, B, and D)
- **April 23:** I created a group chat asking for clarity. Corey responded with insults and the phrase "See you in court." This was not informative, it was threatening. Patrick, Vickie, and Jameka said nothing. (See Exhibit D)
- Corey's statements, including "See you in court," were directed at me, not my husband. His use of legal process was aimed at destabilizing me, using my husband as a proxy. (See Exhibit R – Financial Motive)
- **After June 3:** They continued the pressure inside this lawsuit. On July 15, they filed a joint motion for more time to find a lawyer, then never hired one. On August 7, they filed matching answers filled with misleading claims about my mental health. (Doc 26-29)

**Why It Matters:** They used the courts to intimidate, delay, and discredit me. That is abuse of process. They targeted me emotionally to interfere with my role as a witness. They escalated retaliation after I stepped away from their influence. Under federal law and precedent, all three forms of misconduct are actionable.

## Count VI – Exploitation of a Vulnerable Adult

**Statute:** Ala. Code § 38-9-7

**Explanation:** Alabama law prohibits the abuse, neglect, or exploitation of vulnerable adults, including those with medical conditions, trauma histories, or social disadvantages. This includes psychological manipulation, targeting during periods of weakness, or actions that deliberately exploit someone's health or family situation.

**How it applies to Candace v. Scales:**

- I underwent surgery and recovery in both **April 2022** and **December 2024**. In both instances, I received disturbing, unsolicited religious messages from the Defendants, messages that were **clearly meant to pressure, guilt, or spiritually destabilize me**. These messages followed the same pattern: **they only arrived after Jameka Scales had direct knowledge of my condition**. This confirms a coordinated pattern of targeting me while I was in recovery, emotionally and physically weakened.
- I also care full-time for a **medically vulnerable child who is treated at St. Jude Children's Research Hospital**. The demands of her care are intensive. Despite knowing this, the Defendants, particularly in their **August 7 answers**, implied I suffer from mental instability. However, they never made any effort to report me to any authority or to express concern for my child's safety. If their claims were genuine, that would be their first concern. The fact that they didn't act proves this was a **performative tactic**, designed only to discredit me.
- Most telling, **Corey Bennett filed his affidavit on April 22, 2025, just one day before my daughter had a scheduled St. Jude medical check-in**. While I cannot definitively prove that the group knew this exact appointment date, **their prior pattern of timing attacks around medical events makes it highly likely that Jameka Scales was once again circulating private information to the group**. That would fit their established behavior, waiting until I'm most vulnerable to act.

### Count VII – Procedural Suppression

**Case Cited:** *Carey v. Piphus*, 435 U.S. 247 (1978)

**Legal Summary:** The Supreme Court held that due process violations are compensable even without physical injury. When a person is denied notice or the chance to be heard before being implicated in a legal action, that deprivation alone creates actionable harm.

**How It Applies to Candace v. Scales:**

- On April 22, 2025, Corey Bennett filed an affidavit that accused my husband but repeatedly referenced me by name. He used my identity, my relationship, and private context to justify his legal request, effectively making me the emotional foundation of the affidavit.
- Despite this, I was never notified. I was not served, not named as a defendant, and not even told that I had been referenced.
- On June 3, 2025, the day of court, I was **physically present** in the courthouse. Corey saw me. So did the courthouse staff. Yet no one disclosed that I had been implicated. Corey, who created the affidavit and knew what he had written, made no attempt to alert the court or the prosecutor that I was there and had never been informed.

- This silence was not passive. It was an intentional act of concealment. Corey had every opportunity to correct the record or disclose my involvement and chose not to. That deprived me of my constitutional right to respond.
- This caused reputational harm, confusion, and emotional distress, not hypothetically, but in the real-world legal environment of a courthouse where I was standing while my name was being used.
- *Carey v. Piphus* says clearly: when due process is denied, compensation is warranted, regardless of physical injury.

**Why This Matters:** This is not just about omission. Corey used my name to initiate legal action, then stayed silent when I was standing feet away from the process he triggered. That's procedural suppression. And under *Carey*, it is a constitutional violation, one that justifies relief on its own.

### Count VIII – Preemptive Threat of Continued Legal Abuse

**Case Cited:** *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

**Explanation:** Twombly explains that a legal claim is valid if it lays out facts that, if true, suggest real harm or risk. Here, the Complaint showed ongoing coordination between Defendants, refusal to disengage, and attempts to reenter the Plaintiff's life, making future harm likely. That's enough to proceed to trial.

### How it applies to Candace v. Scales:

- The original affidavit wasn't just a one-time attack. It was followed by **a series of coordinated actions** by all four Defendants, including group chats, mischaracterizations, court filings, and shared narratives that **kept me under pressure** for months.
- **Corey Bennett repeatedly made legal threats toward me directly**, not just my husband. He used the phrase "see you in court" **before I even knew there was a summons issued**, showing that I was the real target behind the scenes.
- **Even after the June 3rd court date**, the group didn't back off. Instead, they filed **joint motions and similar answers**, continued attacking my credibility, and refused to disengage from the process they had started. They made no effort to address me respectfully or to resolve anything, only to delay, distort, and keep me locked in a defensive position.
- The fact that these legal documents **falsely implied mental instability**, while never asking for protection or distance, proves they're not trying to stop contact, they're trying to keep **control**. That's a red flag for continued abuse.
- Under *Twombly*, these facts **clearly support a plausible threat of future harm**, especially when the same people who started the conflict continue to weaponize the court process to prolong it.

**Why this matters:** This lawsuit isn't just about the past. It's about a **coordinated group that refuses to stop**, keeps filing together, and keeps using the legal system to

send threats instead of seeking resolution. *Twombly* tells us that if those facts suggest future risk, which they do here, **the case must proceed**.

### Count IX –Suppression of Procedural Rights for Affidavit-Named Target

**Case Cited:** *Goss v. Lopez*, 419 U.S. 565 (1975)

**Explanation:** In *Goss v. Lopez*, the Supreme Court held that **when someone is accused or affected by government action**, they must be given **notice and an opportunity to respond**, even if they're not the primary subject. The core of *Goss* is this: **public accusations without a fair chance to be heard violate the Constitution.**

**How it applies to Candace v. Scales:**

- On April 22, 2025, the Defendants filed an affidavit that mentioned me and made me the emotional and narrative focus, even though I wasn't the person being summoned.
- Despite that, **I was never notified** that the affidavit even existed. I only learned about it later, and only because my husband requested a copy directly from the court. The Defendants didn't serve me, the clerk didn't notify me, and no official action was taken to give me a voice.
- To make matters worse, I was standing inside the courthouse on the day of the hearing, June 3, 2025. The Defendants saw me. The clerks saw me. The Prosecutor and Corey Bennett (the affiant) knew I was there. Yet no one disclosed that I had been named in the court process. The Defendants' collective non-response during that period had the effect of procedural suppression.
- Under *Goss*, the moment I was **mentioned in writing**, especially in a document filed with the court, I had a constitutional right to be heard. Instead, I was effectively silenced **while my name was used to justify a criminal summons against someone else.**
- The fact that the Defendants mentioned me without giving me standing to correct the record the day of court makes this a **textbook due process violation** under *Goss*. Their intent was to use the appearance of legal process to smear me while avoiding any challenge from me directly.

**Why this matters:** No one should be **named in a legal document and accused of wrongdoing without the right to respond.** That is what happened here. *Goss* says clearly: if you're affected, you have standing. In this case, I was not only affected, I was the real target, but I was denied any formal way to respond, even when I was physically present in the building. That cannot be allowed in any court system.

*[signature]*

**CANDACE ALEXANDER**
PRO SE PLAINTIFF
7415 NATURE WALK WAY SE
OWENS CROSS ROADS, AL 35763