UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CANDACE ALEXANDER,**<br>    Plaintiff,<br><br>v.<br><br>**JAMEKA SCALES, et al.,**<br>    Defendants. | **Case No. 1:25-cv-980-CLM** |

### MEMORANDUM OPINION

Pro se plaintiff Candace Alexander sues her brothers, Corey and Patrick Bennett, her mother, Vickie Bennett, and her sister, Jameka Scales, all of whom are also pro se, for civil conspiracy, emotional harassment, malicious abuse of process, and procedural misconduct. (Doc. 1, p. 1). Alexander has a number of pending miscellaneous motions before the court. (Docs. 10, 11, 13, 16, 30). And the Defendants have all moved to dismiss the claims against them. (Docs. 26, 27, 28, 29). As explained below, the court **DISMISSES** this case **WITHOUT PREJUDICE** because the court lacks jurisdiction.

### DISCUSSION

Federal courts have limited jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). They are empowered to hear cases "raising federal questions or cases involving diverse citizens where the amount in controversy exceeds $75,000." *Bell v. Birmingham Bd. of Educ.*, No. 23-10118, 2023 WL 7325499, at *1 (11th Cir. Nov. 7, 2023) (citations omitted). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410. So if the court determines that it lacks subject matter jurisdiction, it must dismiss this case. *See* Fed. R. Civ. P. 12(h)(3).

The court has reviewed Alexander's complaint in the light most favorable to her and drawing all inferences in her favor. *See Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). That being said, the court cannot identify any valid federal claim in Alexander's complaint. In a nutshell, Alexander sues

her family for things they said about her in phone messages. Alexander says these acts violate 42 USC §1983 because the violated her rights under color of law. (Doc. 1, pp. 26, 28, 30, 31, 33). But Alexander's family members are not federal officers, so she has no valid claim under 42 USC §1983. Accordingly, the court has no federal question jurisdiction over her claims. *See* 28 USC §1331.

While Alexander also pleads claims under various states' laws, Alexander does not reside in a different state than all of her family members. So the court also lack diversity jurisdiction over Alexander's state law claims. *See* 28 USC §1332.

## CONCLUSION

In sum, Alexander fails to invoke the court's federal question or diversity jurisdiction. So the court lacks subject matter jurisdiction over Alexander's case. Therefore, the court must **DISMISS** this case **WITHOUT PREJUDICE.** Fed. R. Civ. P. 12(h)(3).

Because the court lacks jurisdiction over this case, the court **DIRECTS** the Clerk of Court to terminate (Docs. 10, 11, 13, 16, 26, 27, 28, 29, 30). And the court **DIRECTS** the Clerk of Court to send a copy of this order to all pro se parties at their addresses of record.

**DONE** and **ORDERED** on December 18, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE